UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHEAST LOUISIANA BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO, AN UNINCORPORATED ASSOCIATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0370** |
| **STATE OF LOUISIANA, EX REL, BOBBY JINDAL, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF LOUISIANA** | **SECTION "K"(5)** |
| **JAMES D. "BUDDY" CALDWELL, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF LOUISIANA** | |

## ORDER AND OPINION

Before the Court is the "Motion to Dismiss or, in the Alternative Motion to Transfer for Improper Venue" filed on behalf of defendants Bobby Jindal, in his official capacity as Governor of the State of Louisiana, and James D. "Buddy" Caldwell, in his official capacity as Attorney General of the State of Louisiana (Doc. 16). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

In 2011, the Louisiana Legislature passed Act 134 which enacted Louisiana Revised Statute 38:2225.5 entitled "Contracts in which public entities are participants; prohibitions and duties; contractors' rights." The statute provides, in pertinent part, that except under certain circumstances:

> A. . . . each public entity, when engaged in procuring products or services or letting contracts for construction, manufacture, or operation of public works paid for in whole or part by state or local funds, or when overseeing or administering such procurement, construction, manufacture, or operation, shall ensure that bid specifications, project agreements, and other controlling documents, entered into, required, or subject to approval by the public entity do not:

>  (1) Require bidders, offerors, contractors, subcontractors, or operators to:
>  (a) Enter into or adhere to agreements with one or more labor organizations on the same or related projects.
>  (b) Enter into any agreement whereby the public entity is required to remain neutral toward any labor organization.
>  (c) Pay predetermined or prevailing wages.
>  (2) Discriminate against bidders, offerors, contractors, subcontractors or operators for refusing to:     (a) Become or remain signatories or otherwise adhere to agreements with one or more labor organizations on the same or related projects.
>  (b) Enter into any agreement whereby the public entity is required to remain neutral toward any labor organizations.
>  (3) Require any bidders, offerors, contractors, subcontractors, or operators to enter into, adhere to, or enforce any agreement that requires any employee as a condition of employment to:
>  (a) Become a member of or become affiliated with a labor organization.
>  (b) Pay dues or fees to a labor organization over the employee's objection.
>
> B. No public entity shall provide financial assistance, issue a grant, or enter into a cooperative agreement for any project a condition of which requires that bid specifications, project agreements or other controlling documents pertaining to the financial assistance, grant, or cooperative agreement contains any of the elements prohibited in Subsection A of this Section.

The Southeast Louisiana Building and Construction Trades Council ("Council), a labor organization representing the building and construction trade union in Louisiana, filed suit against Bobby Jindal in his official capacity as Governor of the State of Louisiana and James D. "Buddy" Caldwell, in his official capacity as Attorney General for the State of Louisiana asserting that Act 134 is preempted under the Supremacy Clause of the United States Constitution and that the Act violates plaintiff's rights under certain sections of the National Labor Relations Act. Plaintiff seeks,

among other things, a declaration that Act 134 is:

> invalid and unenforceable because it is preempted by operation of the Supremacy Clause of the United States Constitution (Article VI, Clause 2) and the National Labor Relations Act, 29 U.S.C. § 151 et seq., and violates Plaintiff's rights under Sections 7, 8(e) and 8(f) of the National Labor Relations Act, and also interferes with the "free play of economic forces" that Congress intended to govern construction industry labor relations.

Doc. 1, p. 8.

Defendants contend that this district is not the proper venue for the suit and urge that the suit be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or alternatively that the Court transfer the suit to the Middle District of Louisiana pursuant to 28 U.S.C. §1391(b)(1) and (2), 1406(a) and/or 1404(a).

## Law and Analysis

The parties agree that the general venue statute, 28 U.S.C. §1391 applies in this case. It provides, in pertinent part, that venue in a civil suit is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or   . . ..

Review of plaintiff's complaint reveals that "a substantial part of the events . . . giving rise to the claim occurred" in the Eastern District of Louisiana. Plaintiffs allege in the complaint that:

> 27. In January 2013, the City of New Orleans and its New Orleans East Hospital District A announced their intention to build a new hospital, financed by federal funds and private grants, subject to federal prevailing wage requirements and subject to federal executive encouragement of conducting labor relations on the project through a project labor agreement.
>
> 28. Plaintiff has been notified by the construction manger for the

3

>City of New Orleans and its New Orleans East Hospital District A that despite the availability of a PLA for the District's construction of a new hospital, Act 134 of 2011 prohibits the District or its construction manager from entering into a PLA with Plaintiff.

Doc. 1, p. 6. The complaint makes it clear that this suit arose not simply by virtue of the mere passage of Act 134 of 2011, but rather that the suit arose directly as a result of plaintiff being notified that with respect to a construction project in this judicial district that "Act 134 of 2011 prohibits the [hospital] District or its construction manager from entering into a PLA with Plaintiff" despite the availability of a PLA for the project. Because a substantial part of the events giving rise to plaintiff's claim occurred in this district venue is proper in the Eastern District of Louisiana. Accordingly, the Court denies defendants' motion.

New Orleans, Louisiana, this 15th day of July, 2013.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE